IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-01032-RM

KRISTIN KOTELLOS,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,

    Defendant.

## ORDER

Plaintiff seeks judicial review of the denial of her application for social security income. *See* 42 U.S.C. § 405(g). The Court has reviewed the pleadings, case file, and applicable law and now affirms Defendant's decision for the reasons below.

**I.    BACKGROUND**

Plaintiff filed her application on April 29, 2017. After an administrative law judge ("ALJ") denied benefits, the Appeals Council remanded the case. A different ALJ then held a hearing at which Plaintiff testified and was represented by counsel, determined Plaintiff was not disabled, and again denied her application on June 29, 2020.

The ALJ applied the five-step process for evaluating disability claims. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (ECF No. 11-2 at 26.)

At step two, the ALJ determined Plaintiff had the following severe impairments: history of chronic obstructive pulmonary disease, degenerative disc disease of cervical spine, carpal tunnel syndrome, migraines, obesity, major depressive disorder/generalized anxiety disorder. (*Id.*)

At step three, the ALJ determined Plaintiff's impairments, considered independently and in combination, did not meet or medically equal the severity of a listed impairment. (*Id.*)

Before reaching step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work subject to some limitations.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 416.967(b). The ALJ further limited Plaintiff's RFC as follows:

> [She] can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday, with normal breaks. She can never climb ladders ropes or scaffolds, never crawl, and only occasionally climb ramps or stairs, balance, stoop, kneel, and crouch. She can perform bilateral overhead reaching frequently and bilateral handling, fingering and feeling frequently. She must have no exposure to extreme cold and excessive noise. She can work in a moderate noise level and below. She must have no exposure to excessive vibration; no exposure to environmental irritants such as fumes, odors, dust, and gases; and no exposure to poorly ventilated areas. She must have no exposure to hazards such as heavy moving machinery and unprotected heights or operation of vibrating equipment. She can understand, remember and carry out simple instructions that can be learned in up to and including 30 days of on-the-job training. She can keep pace sufficient to complete tasks and meet quotas typically found in unskilled work. She can have superficial but no direct interaction with the public. She can have only occasional interaction with coworkers and supervisors. She can adapt to occasional changes in the workplace.

(*Id.* at 29.)

At step four, the ALJ determined Plaintiff could not perform her past relevant work as an administrative assistant and a systems analyst.  (*Id.* at 40.)

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including photocopy machine operator, office helper, and collator operator.  (*Id.* at 41.)

The Appeals Council denied Plaintiff's request for review on April 1, 2020, making the ALJ's decision final.  *See* 20 C.F.R. § 404.981.  Plaintiff then brought this case.

## II.     LEGAL STANDARD

The Court reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied.  *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Wall*, 561 F.3d at 1052 (quotation omitted).  To determine whether the substantiality test has been met, the Court meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings, but the Court does not reweigh the evidence or retry the case.  *Id.*  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation omitted).

**III.    DISCUSSION**

Plaintiff argues that the ALJ erred by not giving enough weight to a treating source statement by her treating psychiatrist, Dr. Leone. She also argues that the decision to deny her benefits is constitutionally defective because Andrew Saul's appointment as the Commissioner of Social Security violated the separation of powers. The Court is persuaded by neither argument.

**A.    Weight Given to Dr. Leone's Opinion**

The most important factors the ALJ considers when evaluating the persuasiveness of a medical opinion are supportability and consistency. *See* 20 C.F.R. § 416.920c(a). The supportability inquiry focuses on the relevance of the objective medical evidence and supporting explanations presented by the medical source. 20 C.F.R. § 416.920c(c)(1). The consistency inquiry focuses on the extent to which the medical opinion is consistent with the evidence from other medical and nonmedical sources in the claim. 20 C.F.R. § 416.920c(c)(2). Although the ALJ must explain how she considered the supportability and consistency factors for a medical source's medical opinions, she is not required to explain how she considered other relevant factors for considering medical opinions, including the relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920(c)(b)(2).

Dr. Leone's December 13, 2018 mental medical source statement opines that Plaintiff was unable to meet competitive standards with respect to fifteen mental abilities and aptitudes needed to perform various types of work. (*See* ECF No. 11-7 at 310, 311.) For example, Dr. Leone checked boxes indicating that Plaintiff could not satisfactorily "[m]aintain regular attendance and be punctual within customary, usually strict tolerances"; "[w]ork in coordination

4

with or proximity to others without being unduly distracted"; "[m]ake simple work-related decisions"; or "[c]omplete a normal workday and work week without interruptions from psychologically based symptoms." (*Id.* at 310.) In addition, Dr. Leone checked boxes indicating that Plaintiff was seriously limited but not precluded with respect to eight other mental abilities and aptitudes. Dr. Leone also wrote that Plaintiff's "depression/anxiety/agoraphobia make her unable to work with others, maintain attendance, or complete workday." (*Id.*)

The ALJ found Dr. Leone's statement "neither persuasive nor valuable in support of claimant's disability application," in part because it was not supported by "objective, clinical findings to support the degree of disability opined." (ECF No. 11-2 at 39.) The ALJ noted that the statement lacked any specific, function-by-function assessment of Plaintiff's mental capacities. *See Frey v. Bowen*, 816 F.2d 508, 505 (10th Cir. 1987) ("[E]valuation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence."). The ALJ further noted that the statement was inconsistent with Plaintiff's mental status exams and her performance on a consultative psychological evaluation with Dr. Kutz. Thus, the ALJ assessed both the supportability and consistency of Dr. Leone's statement based on the other evidence in the record. To the extent Plaintiff contends that the ALJ's decision should have included additional findings about Plaintiff's treatment relationship with Dr. Leone, as noted above, the ALJ was not required to further explain how she considered Dr. Leone's statement.

The ALJ also rejected, appropriately, the statement's conclusion that Plaintiff was unable to work. *See Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."). Nor has

5

Plaintiff shown that the ALJ's reliance on Dr. Kutz's opinion was misplaced. Even if different conclusions could be drawn from the evidence, the Court's role is to review merely the sufficiency of the evidence, not its weight. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007). Plaintiff has not shown the ALJ applied the wrong legal standards or otherwise erred by not giving sufficient weight to Dr. Leone's statement.

### B.     Separation of Powers

Plaintiff next argues the decision to deny her benefits is constitutionally defective because the Social Security Administration's structure violates the separation of powers. This is so, she argues, because of 42 U.S.C. § 902(a)(3), which provides that the Commissioner "may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." But even if Plaintiff is correct that the removal restriction is unconstitutional, *see Collins v. Yellen*, 141 S. Ct. 1761, 1783 (2021) (holding Recovery Act's for-cause restriction on the President's removal authority violates the separation of powers), it does not follow that the decision in her case is invalid. For one thing, Plaintiff has not shown that the removal restriction applied to the *Acting* Commissioner who ratified the ALJ's appointment. *See id.* (holding removal restriction did extend to Acting Director). For another, Plaintiff has identified no logical nexus between the removal restriction and the denial of her claim. She has not shown the removal restriction inflicted compensable harm on her or even bothered to respond to Defendant's argument that such a showing is necessary. "To have standing, a plaintiff must allege an injury traceable to an 'allegedly unlawful' action (or threatened action) and seek a remedy to redress that action." *Id.* at 1790 (Thomas, J.,

concurring). Under the circumstances presented, the Court discerns no basis for concluding that the removal restriction had any effect on the ALJ's decision.

## IV. CONCLUSION

Therefore, the Court AFFIRMS the Commissioner's decision.

DATED this 9th day of August, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge